COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __BONILLA_____ __STEVEN_____ __WAYNE__
     (Last)          (First)         (Middle Initial)

Prisoner Number: __J-48500__

Institutional Address: __San Quentin State Prison__
__San Quentin, California 94964__

FILED
OCT 31 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

__Steven Wayne Bonilla__
(Enter your full name.)

vs.

__Imperial County Grand Jury,__
__John Doe 1-20__

(Enter the full name(s) of the defendant(s) in this action.)

Case No. __CV 17 6349 (PR) VC__
(Provided by the clerk upon filing)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C. § 1983, 1981, 1985, 1986

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __San Quentin State Prison__

B. Is there a grievance procedure in this institution?  YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☐   NO ☒

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

    1. Informal appeal: _____

2. First formal level: _____

3. Second formal level: _____

4. Third formal level: _____

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ☐    NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.
It does not apply in this situation

II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
Steven Wayne Bonilla, P.O. Box J-48500, San Quenten State Prison, San Quenten, California. 94964

B. For each defendant, provide full name, official position and place of employment.
Imperial County Grand Jury, P.O. Box 2011, El Centro, CA 92244

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

A reviewing court has authority (Cal.Const.Art.VI,§10) to review a superior or inferior court's judgment void on its face (107 Cal.App.288) at any time and in any place (148 Cal.App.2d 845). The reviewing court's jurisdiction is limited to reviewing the trial court's void acts. Once invoked the procedure must be completed and the administrative remedy exhausted. Any proceedings taken after challenge was filed are a nullity. (35 Cal.4th 180). Petitioner cannot be estopped from attacking a judgment void on its face (404 F.Supp.664) as the respondent has done. When remedy is provided for by statute to verify the invalidity of the judgment by a simple inspection of the record, and the Judge has failed to do, in acting in excess of jurisdiction, the Grand Jury has a duty to rectify this violation of due process

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Order the Grand Jury To compel the court/judge to prove that the subpoena for my telephone records for [408-446-3850] was proven to exist on the face of the record. From which all of the supposed evidence was supposedly the fruit thereof, or grant me my immediate release that I am entitled to by the U.S. Constitution.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: __9-27-17__     __Steven Bonella__
                Date                    Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3